UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------
In re

      ROBERT G. REILLY,                      14-12660 B

            Debtors                    <u>DECISION & ORDER</u>
------------------------------------------------

          Andreozzi, Bluestein, Weber, Brown, LLP
          Daniel F. Brown, Esq., of Counsel
          333 International Drive, Suite B-4
          Willliamsville, New York 14221
          Attorneys for the Debtor

          William K. Harrington
          Region 2 United States Trustee
          By: Joseph W. Allen, Esq.
          Assistant United States Trustee
          Olympic Towers
          300 Pearl Street, Suite 401
          Buffalo, New York 14202

Bucki, Chief U.S.B.J., W.D.N.Y.

    In this Chapter 11 proceeding, the debtor seeks an order granting nunc pro tunc authorization for an earlier loan of $25,000. Opposing this request, the Office of the United States Trustee argues that section 364(b) of the Bankruptcy Code allows only prospective and not retroactive approval of post-petition borrowing.

    Robert G. Reilly operates a dental practice in the Village of Wellsville, New York. When Dr. Reilly filed a petition for relief under Chapter 11 on November 24, 2014, his outstanding obligations included a secured debt to the Internal Revenue Service in the amount of $546,543.89; two secured business loans owed to Community Bank and having a total remaining balance of $71,749.10; and an outstanding domestic support obligation of $15,000. Shortly after the filing of the bankruptcy petition, as a condition for use of cash collateral, Dr. Reilly agreed to make monthly adequate protection payments to the Internal

Revenue Service in the amount of $1,320.72, and to Community Bank in the amount of $2,640.67. Meanwhile, he continued to pay the domestic support obligation at the rate of $2,500 per month.

In February of 2015, Robert G. Reilly borrowed $25,000 from his brother, Warren W. Reilly. The debtor represents that he used these funds to remain current on the adequate protection and domestic support obligations, as well as to fund estimated payments on account of post-petition income taxes. However, the debtor never consulted with his attorney prior to borrowing the funds and accepted the loan without authorization from this court. Then in April of 2015, the debtor repaid $10,000 to his brother, but again without any court authorization. Thereafter, upon learning of these events, counsel for the debtor filed the present motion seeking an order authorizing both the loan and its partial repayment on a nunc pro tunc basis.

The Office of the United States Trustee opposes the debtor's request for nunc pro tunc authorization. It contends that 11 U.S.C. § 364(b) allows the court to approve a financing transaction only "after notice and a hearing." In the trustee's view, a nunc pro tunc authorization would disregard this requirement by approving a transaction that occurred before the mandated notice and hearing. Alternatively, the trustee asserts that nunc pro tunc authorization should be allowed only under extraordinary circumstances, none of which the movant has established in the present instance.

Discussion

Robert G. Reilly currently conducts business as a debtor in possession. Pursuant to 11 U.S.C. § 1107(a), a debtor in possession serves as a trustee and is generally obligated to perform the functions and duties of a trustee. These functions and duties include the requirements of 11 U.S.C. § 364 with regard to obtaining credit. In relevant part, this section provides as follows:

> "(a) If the trustee is authorized to operate the business of the
> debtor . . . . unless the court orders otherwise, the trustee may

> obtain unsecured credit and incur unsecured debt in the ordinary course of business allowable under section 503(b)(1) of this title as an administrative expense.
> (b) The court, after notice and a hearing, may authorize the trustee to obtain unsecured credit or to incur unsecured debt other than under subsection (a) of this section, allowable under section 503(b)(1) of this title as an administrative expense."

The debtor here concedes that the loan from his brother was obtained outside the ordinary course of business. Without statutory authorization for the loan pursuant to section 364(a), Robert G. Reilly looks to the court for its discretionary authorization under section 364(b).

Section 364(b) contemplates prior authorization of any extraordinary loan to a debtor in possession. In furtherance of the mandate for notice and a hearing on motions to obtain credit, Bankruptcy Rule 4001(c) establishes special rules, including the following:

> "(2) Hearing. The court may commence a final hearing on a motion for authority to obtain credit no earlier than 14 days after service of the motion. If the motion so requests, the court may conduct a hearing before such 14-day period expires, but the court may authorize the obtaining of credit only to the extent necessary to avoid immediate and irreparable harm to the estate pending a final hearing."

FED. R. BANKR. P. 4001(c)(2). Except in an emergency context, the rule mandates a hearing on 14 days notice prior to any authorization of credit. Implicitly, neither the Bankruptcy Code nor the Bankruptcy Rules make any allowance for the nunc pro tunc approval of a loan.

An authorization of credit under 11 U.S.C. § 364(b) establishes a safe haven wherein a prospective lender receives assurance of an administrative priority. By its language, section 364(b) allows the court to authorize a debt that will be "allowable under section 503(b)(1) as an administrative expense." Although providing a guaranteed pathway to priority, section 364(b) imposes no negative restraint on the opportunity to establish an entitlement to priority under section 503(b)(1). Even when the debtor fails to secure prior authorization for a post-petition extension of credit outside the ordinary course of business, the lender may still file a proof of claim that presents affirmative evidence of an entitlement to priority.

Section 503(b)(1) of the Bankruptcy Code stands apart from section 364(b). In relevant part, 11 U.S.C. § 503 states that "[a]fter notice and a hearing, there shall be allowed administrative expenses . . . including – (1)(A) the actual, necessary costs and expenses of preserving the estate . . . ." In particular cases, different consequences may follow from the mere allowance of a claim under section 503(b)(1), as compared to the approval of a loan relationship. Pursuant to section 364(b), the court may grant prospective authorization for particular lending terms and conditions. For example, these terms may include a schedule for repayment of principal and interest. In contrast, the allowance of an administrative claim will serve only to establish an entitlement to share in any distribution on account of that priority.

In the context of an unauthorized loan, the allowance of an administrative claim would continue the rule that the Second Circuit Court of Appeals adopted for cases filed under the Bankruptcy Act. Thus, in *Standard Capital Corporation v. Saper*, 115 F.2d 383, 385 (1940), the Court affirmed a ruling that a loan was unauthorized, but held that this determination "is not to be taken as foreclosing the lender upon the question whether its advances may not be treated as administrative expenses . . . ." Thereafter, in a subsequent appeal in the same case, the Circuit Court stated that "we now repeat that an unauthorized loan may receive priority as an expense of administration in unusual circumstances." *In re American Cooler Co.*, 125 F.2d 496, 497 (1942). The Court noted, however, that a priority claim should be allowed only if the judge "is confident that he would have authorized it if a timely application had been made," and in addition, if "he is reasonably persuaded that the creditors have not been harmed by a continuation of the business made possible by the loan." *Id.*

In the present instance, the debtor had legitimate need to borrow $25,000 from his brother. Having given careful consideration to the facts of this case and to the arguments of counsel, the court finds that upon a timely application, it would likely have authorized the loan. By allowing the debtor to pay secured and priority obligations, the loan imposed no

net impairment of any creditor interest.  Meanwhile, it enabled the debtor to continue professional activity that should generate income needed to effect repayment of other pre-petition creditors.  For the reasons stated above, the court has no authority under 11 U.S.C. § 364(b) to authorize the loan retroactively.  Nonetheless, the court will treat the debtor's motion as an application to allow to Warren W. Reilly an administrative claim.  As required by 11 U.S.C. § 503(b), the present motion comes to the court after a hearing on notice to all creditors.  Satisfied that the loan represents an actual and necessary cost of preserving the estate, the court will allow the claim as an administrative expense.

Warren Reilly advanced the sum of $25,000 as an unsecured loan payable without interest.  Consequently, the agreed terms of the loan are similar to the mere allowance of a priority claim, with one potential exception.  By allowing an administrative claim, the court does not necessarily legitimize the repayment of $10,000.  Whether that will have any practical effect is a matter for future consideration.  For now, the debtor's motion is granted only to the extent of according administrative priority to the loan as originally advanced.

So ordered.

Dated:      Buffalo, New York           /s/     CARL L.  BUCKI
            December 3, 2015           Carl L.  Bucki, Chief U.S.B.J., W.D.N.Y.